# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMARGE ROMARIO FRANCIS,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-2874** |
| **v.** | : | |
| | : | |
| **JL JAMISON, Warden of the Federal** | : | |
| **Detention Center, Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |
| | : | |

## ORDER

**AND NOW**, this 5th day of May 2026, upon consideration of Petitioner Samarge Romario

Francis' ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), and Respondents'

(the "Government"),[1] answer in opposition, (ECF 5), it is hereby **ORDERED** that, for the reasons

set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**,[2] as follows:

---

[1]      Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: J.L. Jamison, Warden of the Federal Detention Center, ("FDC"), Philadelphia; Brian McShane, Acting Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office United States Immigration and Customs Enforcement, ("ICE"), Markwayne Mullin, Secretary: Department of Homeland Security; and Todd Blanche, U.S. Attorney General.  (ECF 1).

[2]      Petitioner is a native and citizen of Jamaica who entered the United States near Ajo, Arizona, on or about April 7, 2023 without inspection, admission or parole.  (ECF 1 at ¶¶ 1, 21); (ECF 5 at 4).  According to the Government, Petitioner was detained on April 8, 2023, placed in removal proceedings, and released. (ECF 5 at 4).  He settled in Upper Darby, Pennsylvania where he lives with his U.S. citizen partner and her two children.  (ECF 1 at ¶ 2).

On April 29, 2024, Petitioner was served with a Notice to Appear ordering his appearance before an immigration judge in Philadelphia on April 7, 2026.  (ECF 5-1).  While neither party comments on Petitioner's appearance at his April 7, 2026 hearing, they agree that, on April 30, 2026, Petitioner attended a regularly scheduled ICE check in and was arrested by ICE in Philadelphia.  (ECF 1 at ¶¶ 3, 21); (ECF 5 at 4).  According to the Form I-213, Petitioner was served with a Warrant of Arrest, Form I-200, prior to being taken into custody.  (ECF 5-2 at 2).  The Form further provides that Petitioner claimed a fear of removal to Jamaica.  (*Id.* at 3).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing within fourteen days pursuant to 8 U.S.C. § 1226.  Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution.  In its response, the Government argues

that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process. Each is addressed in turn.

Petitioner argues that his detention violates the plan language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who previously entered and are residing in the United States. Rather, Petitioner argues, individuals such as himself are subject to 8 U.S.C. § 1226(a). In its response, the Government reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected. Specifically, the Government argues that because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2).

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who entered without inspection. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a[ noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. *See id.*

Petitioner also argues that he maintains a fundamental interest in liberty and freedom from restraint and that his detention by the Government without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process. In its response, the Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration, relying on a Supreme Court case analyzing substantive due process violations. Construing Petitioner's challenge as rooted in procedural due process, the Court applies the *Mathews v. Eldrige* balancing test to determine whether Petitioner's rights have been violated. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. To the contrary, Petitioner has been complying with the restrictions imposed on him. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody. Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.

1.  The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released from the FDC;

3.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on April 30, 2026; and

4.  The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on May 6, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*